IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN REFUGIO RODRIGUEZ,

    Plaintiff,                    No. CIV S-10-204 KJM P

    vs.

CITY OF STOCKTON, et al.,         ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a county jail inmate proceeding pro se with a civil rights action, alleging that the defendants, who are law enforcement officers, retaliated against him and subjected him to false arrest, fabrication of evidence, illegal search and seizure and perjury. Defendants have filed a motion to dismiss; plaintiff has filed a motion for an order directing the jail to make copies and a motion in limine.

I. Motion For Copies

        Plaintiff has asked the court to direct San Joaquin County authorities to make copies of various pleadings relating to this lawsuit. He attaches a memo denying his request for four copies of his legal material. Docket No. 23 at 5. He has not suggested that a request for a single copy would be refused.

/////

Under this court's electronic case filing (ECF) system, a copy of anything plaintiff files is automatically served on defendant's counsel, so to the extent plaintiff seeks a service copy, it is not necessary. It may be prudent for plaintiff to keep a copy of what he files, but again, nothing in his pleadings suggests that a request for fewer than four copies would be refused.

II. <u>Motion In Limine</u>

Plaintiff has filed a motion in limine, which appears to relate to the underlying criminal proceedings against him. Because there is no trial currently scheduled in this case, a motion in limine is not yet required; to the extent that the motion relates to the criminal case, it should not have been filed in this case.

III. <u>Motion To Dismiss</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss brought under Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" <u>Erickson</u>, 551 U.S. 89, 93 (quoting <u>Bell Atlantic</u>, 550 U.S. at 554, in turn quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

Defendants argue that the complaint fails to state a claim because plaintiff may not pursue an action against the named officers while the underlying criminal case is pending. They rely on California Government Code section 945.3, which provides that no one may bring

2

an action against a peace officer arising from actions that are connected with pending criminal charges. Defendants attach a copy of minutes from San Joaquin County Superior Court, which show that a variety of weapons and drug charges are currently pending against plaintiff. Motion To Dismiss, Ex. A.

Defendants cite no federal authority in support of their motion. The applicable authority is against them. In Harding v. Galceran, 889 F.2d 906, 908 (9th Cir. 1989), the Ninth Circuit held that the provisions of section 945.3 do not prohibit a potential plaintiff from bringing a civil rights action in federal court against a peace officer while criminal charges are pending.

Because of the pendency of the criminal charges, however, it does appear that a stay of this action is appropriate. Wallace v. Kato, 549 U.S. 384, 393-394 (2007); McCoy v. Anderson, 2010 WL 3276309 (N.D. Cal. 2010). If the recommendation that a stay be imposed is adopted by the district judge, the parties should notify the court within thirty days of the conclusion of the criminal proceedings, including any direct appeal from a conviction.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for access to the courts (docket no. 23) is denied;

2. Plaintiff's motion in limine (docket no. 24) is denied;

3. The Clerk of the Court is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (docket no 17) be denied;

2. This case be stayed and administratively closed.

/////
/////
/////
/////
/////

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3 one days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within fourteen days after service of the objections.  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9 DATED: December 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2
rodr0204.57

4