IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN R. RODRIGUEZ,

    Plaintiff,                      No. CIV S-10-0204 GEB CKD P

    vs.

CITY OF STOCKTON, et al.

    Defendants.               FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He alleges that defendants Pierce, Nance, Swails and Ridenour, all of whom were at the relevant time officers in the Stockton Police Department, "acted in concert and conspired to plant evidence, illegally arrest, illegally charge and convict, illegally search and seize property without a warrant to justify and conceal their official and individual misconduct" in bringing criminal charges against the plaintiff, and that they did so in retaliation for a claim for damages plaintiff filed against Ridenour. Complaint at 9, 15-16 (Docket No. 1).[1] He also alleges that Swails and Pierce committed perjury "to bolster their illegal actions[.]" Id. at 15. He seeks damages and declaratory and injunctive relief. The defendants have moved to dismiss, arguing

---

[1] The court references the page numbers assigned by the court's CM/ECF system, where applicable.

1

that plaintiff's claims are barred under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). The motion has been fully briefed.

I. Background

It appears from the pleadings that plaintiff first ran afoul of law enforcement in 2001, when he was arrested by an "FBI task force" in Stockton, California. See Complaint, Exhibit A. He was convicted on June 13, 2002, in San Joaquin County Superior court on charges of driving a vehicle without permission and receiving stolen property and sentenced to eight years in prison. In 2004, he filed a federal habeas action challenging that conviction. See Rodriguez v. Scribner, Civil Action No. 2:04-cv-0725 LKK DAD P. He was paroled on May 18, 2008, while that action was still pending. See Complaint at 5. On August 19, 2008, this court conditionally granted his petition for writ of habeas corpus, finding that the plaintiff's waiver of the right to counsel was involuntary because he was not advised by the state trial court of the dangers of self-representation. See Rodriguez v. Scribner, Civil Action No. 2:04-cv-0725 LKK DAD P, Order at 2 (Docket No. 43).[2] According to the complaint in this case, the state trial court, acting in accordance with this court's order, vacated plaintiff's 2002 conviction on January 20, 2009. See Complaint at 5.

On June 29, 2009, plaintiff filed a claim for damages with the City of Stockton, alleging that defendant Ridenour, a sergeant in the Stockton Police Department, falsified a report in connection with the 2001 arrest and committed perjury at plaintiff's trial in 2002. See Complaint, Exhibit A.

On September 5, 2009, the plaintiff was involved in a traffic stop in Stockton. See Complaint at 6. The stop was conducted by defendants Pierce and Nance, officers with the Stockton Police Department. Id. Defendant Ridenour arrived at the scene soon after the stop and

---

[2] The court denied plaintiff's four other claims of habeas relief, in which he alleged prosecutorial misconduct, ineffective assistance of counsel, and two claims of violations of due process.

2

ordered that plaintiff's car be searched. Id. at 8. Plaintiff alleges that at one point, while he was detained in the back seat of a police car, Ridenour told him "I'm sending you back to prison 'cause I hate you for making me look bad in a prior trial." Id. at 9. Plaintiff was arrested and charged on numerous felony and misdemeanor counts, including possession of a controlled substance with a firearm, possession of a firearm that had been altered (a sawed-off shotgun), carrying a concealed weapon, and felon in possession of a firearm. See id., Exhibit C at 25-29.

Plaintiff filed this action on January 26, 2010. The court's screening order limited service to defendants Pierce, Nance, Swails and Ridenour and allowed plaintiff to proceed against them on his claims of retaliation, false arrest, illegal search and seizure, and perjury and falsification of evidence. See Docket No. 9. At the time of screening, plaintiff had not stood trial on the charges arising from the arrest of September 5, 2009. The defendants responded to his complaint by pointing out that "they [are] the same officers involved in the pending criminal prosecution" and moved for dismissal without prejudice on that basis. See First Motion to Dismiss (Docket No). 17. The court instead recommended that this action be stayed until the charges against plaintiff were resolved. See Findings and Recommendations (Docket No. 31). However, before the district judge addressed the recommendation, the defendants filed a request for judicial notice, informing the court that on December 8, 2010, a jury found plaintiff guilty on all five counts presented. See Request for Judicial Notice at 5 (Docket No. 34). The court granted the request for judicial notice, vacated the recommendation of a stay and ordered defendants to respond to the complaint. See Docket No. 35. Defendants responded so with the instant motion to dismiss under Rule 12(b)(6), in which they argue that plaintiff's conviction bars this action under Heck v. Humphrey, supra.

II. Analysis

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal on the basis that a plaintiff cannot or has not stated a claim on which relief could be granted. In addressing such a motion, the court must accept the allegations as true, Erickson v. Pardus, 551

3

U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

       Defendants rely on Heck v. Humphrey for their argument that plaintiff's claims are barred by his conviction on numerous charges in 2010. In Heck, the plaintiff had been convicted of voluntary manslaughter. While his appeal was pending, he alleged that two prosecutors and a law enforcement officer "had engaged in an 'unlawful, unreasonable, and arbitrary investigation' ... 'knowingly destroyed' evidence ... and caused an 'illegal and unlawful voice identification procedure' to be used at... trial." Heck, 512 U.S. at 479. The Supreme Court ruled that a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. Id. at 486-87. The Court stated that a "cause of actions for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90 (footnote omitted). It has been clear ever since Heck that any such claim must be dismissed. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995).

### A. Plaintiff's claims for illegal search, seizure, arrest and conviction

The Ninth Circuit has held that Heck bars claims challenging the constitutionality of an arrest, prosecution and eventual conviction where a judgment in favor of the plaintiff would imply the invalidity of that conviction. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir.2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir.1998) (Heck barred plaintiff's false arrest and false imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). The Ninth Circuit has also found that a civil rights action seeking damages for an allegedly illegal search and seizure upon which criminal charges are based is barred by Heck until the charges are dismissed or the conviction overturned. See Harvey v. Waldron, 210 F.3d 1008, 1015-16 (9th Cir.2000).

The effect of Heck and its progeny on plaintiff's claims for false arrest, illegal search and seizure, and perjury and falsification of evidence is clear: his demands for damages and declaratory relief on those claims is barred until his conviction is overturned. His demand for an injunction that defendants "stop harassing, fabricating evidence and concealing evidence and committing perjury" in his criminal case is also barred under Heck. Furthermore, in light of the conclusion of his trial proceedings, any claim for such an injunction is moot.

### B. Plaintiff's retaliation claim

The defendants make no distinction between, on the one hand, plaintiff's attacks on the legalities of the stop, the search and seizure, and the case that the defendants ultimately made against him and, on the other hand, plaintiff's attack on defendants' motive for arresting him and putting him on the path back to prison. The distinction should not be ignored because courts have reached different conclusions in considering whether the Heck rule bars retaliation claims. Compare Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995) (finding that "favorable

termination is not a requisite of a retaliatory interference claim") with Jackson-El v. Winsor, 986 F.Supp. 440, 444 (E.D. Mich. 1997) (claim that defendant prepared false disciplinary charge against defendant subject to Heck). Retaliation by a state actor for the exercise of a constitutional right can be actionable under § 1983 even if the retaliatory act would have been proper or justified under different circumstances. See Mt. Healthy City Bd. of Education v. Doyle, 429 U.S. 274, 283-84 (1977).

"As a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." Hartman v. Moore, 547 U.S. 250, 256 (2006). To state a claim of retaliation, a plaintiff must show: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from participating further in the protected activity; (3) there was a substantial causal relationship between the protected activity and the adverse action. Blair v. Bethel School District, 608 F.3d 540, 543 (9th Cir. 2010). The Ninth Circuit has characterized "substantial causal relationship" to mean "but-for causation." See Skoog v. County of Clackamas, 469 F.3d 1221, 1232 (9th Cir. 2006).

Plaintiff alleges that while he was detained in the back seat of a police car during the traffic stop that led to his arrest and conviction, defendant Ridenour "threatened" him by saying, "I'm sending you back to prison 'cause I hate you for making me look bad in court." Complaint at 9. If that allegation is true, Ridenour's statement could evince a retaliatory animus against plaintiff for the habeas relief he obtained from his conviction in 2002 or for the complaint he filed against Ridenour on June 29, 2009 – a complaint that, as plaintiff points out, preceded his arrest on September 5 by only sixty-nine days. Plaintiff is not entirely clear on which action supposedly prompted Ridenour to retaliate, but it is clear that both are protected exercises of free speech under the First Amendment.

////

////

1    Plaintiff thus meets the first two of the three elements of an "ordinary" retaliation
2 claim: he engaged in constitutionally protected activity, and he suffered an adverse action that
3 would chill an ordinary person from pursuing that activity again.  However, Ridenour's alleged
4 statement that "I'm sending you back to prison" gives plaintiff's cause of action the character of
5 a claim for retaliatory prosecution, which is not an "ordinary" retaliation claim.  See Skoog, 469
6 F.3d at 1231-34 (distinguishing between "ordinary" retaliation claims and claims of retaliatory
7 prosecution).  The U.S. Supreme Court described the non-ordinary complications embedded in a
8 claim for retaliatory prosecution in Hartman v. Moore:

> A [civil rights] claim for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute.  Instead, a defendant will be a nonprosecutor, an official, like an inspector... who may have influenced the prosecutorial decision but did not himself make it, and the cause of action will not be strictly for retaliatory prosecution, but for successful retaliatory inducement to prosecute.  The consequence is that a plaintiff... must show that the nonprosecuting official acted in retaliation, and must also show that he induced the prosecutor to bring charges that would not have been initiated without his urging.

15 Hartman, 547 U.S. at 262.  As the Supreme Court acknowledged, there is an obvious and
16 problematic disconnect between the unconstitutional motivation of a law enforcement officer
17 who is alleged to have pressed charges in retaliation for a person's exercise of protected speech
18 and the charging decision of a prosecutor who is presumed, as a matter of law, to have acted in
19 good faith in bringing those charges to court.  See id. at 263 (citing "the longstanding
20 presumption of regularity accorded to prosecutorial decisionmaking").  The disconnect is one of
21 causation, the third element of a retaliation claim.  "The causal connection required here is not
22 merely between the retaliatory animus of one person and that person's own injurious action, but
23 between the retaliatory animus of one person and the action of another. ...  Herein lies the distinct
24 problem of causation in cases like this one."  Id. at 262-63.
25 ////
26 ////

1  "Some sort of allegation, then, is needed... to bridge the gap[.]" Id. at 263.  The
2  Hartman decision held that the gap would be bridged by an affirmative allegation and showing by
3  the plaintiff that the prosecution lacked probable cause.  Id.  The Court found that "a retaliatory
4  motive on the part of an official urging prosecution combined with an absence of probable cause
5  supporting the prosecutor's decision to go forward are reasonable grounds to suspend the
6  presumption of regularity behind the charging decision." Id. at 265.  The Court added that a lack
7  of probable cause would not necessarily be dispositive evidence in support of a retaliation claim,
8  but it would be "enough for a prima facie inference that the unconstitutionally motivated
9  inducement infected the prosecutor's decision to being the charge." Id.  Therefore, "under
10 Hartman, if a plaintiff can prove that the officials secured his arrest or prosecution without
11 probable cause and were motivated by retaliation against the plaintiff's protected speech, the
12 plaintiff's First Amendment suit can go forward." Beck v. City of Upland, 527 F.3d 853, 863-64
13 (9th Cir. 2008).

14  In Cohea v. Salter, 2009 WL 3128949 (E.D. Cal.), this court, analyzing the Fifth
15 Circuit's opinion in Woods, supra, drew a distinction "'between a [retaliation] claim where 'the
16 focus of [the] action is the underlying merit of the underlying proceeding,'" and is thus barred by
17 Heck, and a retaliation claim that "'focuses on the interference, asking only whether there has
18 been an obstruction of the exercise of a constitutional right'" and is therefore not barred  Id. at *4
19 (quoting Woods, 60 F.3d at 1165).  The Hartman ruling places this case in the former, Heck-
20 barred category.  Hartman did not involve a plaintiff who had been convicted in an allegedly
21 retaliatory prosecution; in fact, the Hartman plaintiff had stood trial as a criminal defendant and
22 was acquitted, after a six-week trial in federal court, when the district judge ruled there was a
23 "complete lack of direct evidence" to convict him after the close of the government's case.
24 Hartman, 547 U.S. at 254.  Hartman therefore did not contain any issues emanating from Heck,
25 but Hartman controls this case insofar as plaintiff must plead and prove there was no probable
26 cause for his arrest and prosecution.  The litigation of probable cause to arrest and prosecute the

plaintiff would necessarily center on the lawfulness of the underlying criminal conviction. Such a case would, in effect, re-litigate plaintiff's conviction on all five of the counts on which he was found guilty at trial. <u>Heck</u> clearly forbids such a case from going forward. <u>Hartman's</u> probable cause requirement thus lays the <u>Heck</u> bar squarely in front of plaintiff's allegations and prevents him from stating a cognizable claim of retaliation against the defendants. Their motion to dismiss should be granted.

Accordingly, IT IS RECOMMENDED that:

1. The motion to dismiss (Docket No. 38) be granted without prejudice to plaintiff's bringing his claims upon reversal or vacation of his underlying criminal conviction.

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 19, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
rodr0204.57